IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Max Rack, Inc.<br>383 South Third St.<br>Columbus, Ohio 43215<br><br>      Plaintiff,<br><br>      v.<br><br>Core Health & Fitness, LLC<br>4400 NE 77th Ave.<br>Vancouver WA 98662<br><br>Star Trac Strength, Inc.<br>4400 NE 77th Ave.<br>Vancouver WA 98662<br><br>Kevin Corbalis<br><br>    and<br><br>John Doe<br><br>      Defendants. | Civil Action No. 16-CV-1012<br><br>_____<br><br>Jury Trial Demanded |

## ORIGINAL COMPLAINT

For its complaint against the defendants the plaintiff states as follows:

### The Parties

1. The plaintiff Max Rack, Inc. is an Ohio corporation having its principal place of business at 383 South Third Street, Columbus, Ohio 43215.

2. The plaintiff is engaged in the business of marketing and selling weightlifting equipment, in particular a manually operated weightlifting machine sold under the name MAX RACK.

3. The defendant Core Health and Fitness LLC (Core Fitness) is a Washington limited liability company having its principal place of business at 4400 NE 77th Avenue, Vancouver, Washington 98662.

4. The defendant Star Trac Strength, Inc. (Star Trac) is a California corporation now operating as a controlled entity of Core Health, and having its principal place of business at 4400 NE 77th Avenue, Vancouver, Washington 98662

5. On information and belief, Core Fitness is engaged in the business of manufacturing and selling sports equipment, including the manually operated weightlifting machine sold under the name MAX RACK.

6. On information and belief, Star Trac acts only through Core Fitness to market and sell sports equipment, including the manually operated weightlifting machine sold under the name MAX RACK.

7. The defendant Kevin Corbalis is an individual, resides in Tustin, California and routinely does business and travels about the continental United States.

8. The defendant Kevin Corbalis has personally directed product configuration and marketing of fitness products including the MAX RACK product as Vice President of Product Development for Star Trac or with other positions within Core Health during various periods since 2010.

9. The defendant John Does include other officers and directors of Core Fitness or Star Trac who have engaged in directing or carrying out the wrongful acts alleged in the paragraphs that follow.

10. Additional John Doe defendants are various entities, that advertise, market or sell weight lifting equipment under the name MAX RACK without license from Max Rack.

11. Core Fitness now engages in the marketing, manufacturing and selling sports equipment that bears the name FREEDOM RACK, including a copy of equipment previously sold as MAX RACK.

12. On information and belief, the FREEDOM RACK name was adopted to act as a substitute for the MAX RACK trademark.

13. The FREEDOM RACK name creates a confusingly similar commercial impression to the MAX RACK trademark.

## Jurisdiction and Venue

14. This is an action for relief under the Lanham Act, Title 15 of the United States Code, Sections 1051 et seq., willful infringement of the plaintiff's federally registered trademark, for false advertising and for false designation of origin.

15. This Court has jurisdiction over the subject matter of the Lanham Act claims in this action pursuant to Title 15 of the United States Code, Section 1121 and Title 28 of the United States Code, Sections 1331 and 1338(a).

16. This Court has supplemental and ancillary jurisdiction over the subject matter of the state law claims in this action pursuant to Title 28 of the United States Code, Section 1367(a).

17. The plaintiff resides in and does business within this judicial district.

18. Star Trac does business in this judicial district and markets and sells products both within and without this judicial district.

19. Star Trac's products are directly available for consumer purchase and delivery in this district.

20. Core Fitness, and through Star Trac does business in this judicial district and markets and sells products both within and without this judicial district.

21. Core Fitness' products, and through Star Trac are directly available for sale in this district.

22. This Court has personal jurisdiction over the defendants as the defendants are doing business in the State of Ohio and this judicial district, and on information and belief, all of the defendants offer for sale, sell, distribute, or act in concert to sell products both within and without this judicial district.

23. Venue is proper in this Court pursuant to Title 28 of the United States Code, Section 1391(b)(2) as a substantial part of the events giving rise to these claims occurred in this judicial district, or is otherwise proper in this Court pursuant to Title 28 of the United States Code, Section 1391(b)(3) as one or more defendants are subject to this Court's personal jurisdiction.

## Common Allegations

24. The plaintiff is the owner of United States Trademark Registration No. 2,070,734 for MAX RACK registered on June 10, 1997 and the goodwill associated therewith.

25. The plaintiff has marketed, either through itself or through licensees, manually operated weightlifting machines under the MAX RACK mark since at least December 1996.

26. The plaintiff's products have been widely advertised and extensively offered under the valued trademark MAX RACK throughout the United States, and the MAX RACK trademark has become, through widespread and favorable public

acceptance and recognition, an asset of substantial value as a symbol of the plaintiff, its products, and its good will.

27. The plaintiff and its valid licensees have the sole and exclusive right to use the MAX RACK mark in connection with the goods listed in the above-referenced registration.

28. The plaintiff provides notice that the MAX RACK mark is the subject of a Federal trademark registration including use of the registration symbol, ®, in connection with the advertising and sale of its products.  Said registration is in full force and effect, and is owned by the plaintiff.

29. The plaintiff is also the owner of common law rights in the MAX RACK mark by virtue of continuous use of the mark since at least 1996 on weightlifting equipment, during which time the trademark has become imbued with goodwill and renown of substantial value to the plaintiff.

30. The use of the MAX RACK mark by Core Fitness or Star Trac was licensed by plaintiff until about December 2015, when Core Fitness repudiated a comprehensive intellectual property licensing agreement with plaintiff.

31. After repudiating the license, Core Fitness and Star Trac continued to use the MAX RACK registered trademark without authorization, and continue unauthorized use until the present.

32. Various individual actors, including Kevin Corbalis and certain John Does are personally responsible for the unauthorized use of MAX RACK to market and sell weightlifting equipment.

33. On information and belief, third party John Does market and sell weightlifting equipment manufactured by Core Fitness and Star Trac while using the MAX RACK trademark.

34. On information and belief, all defendants participate in currently marketing or have marketed their MAX RACK products, whether through intentionally false or misleading express representations, false or misleading advertising, or omissions of fact related to the origin, source, and nature of their goods, as genuine MAX RACK products that have been rebranded.

35. On information and belief, the defendants, whether through intentionally false or misleading express representations, false or misleading advertising, or omissions of fact related to the origin, source, and nature of their goods, represent that the MAX RACK product line has been renamed FREEDOM RACK, and that the FREEDOM RACK product line was at one time the "real," authorized MAX RACK product line.

36. The defendants, at the direction of Core Fitness, Star Trac, their officers and directors, and through the John Doe defendants hold themselves out as the originators of the MAX RACK product line and unfairly compete with the plaintiff, its licensees, distributors, and retailers by utilizing the plaintiff's trademarks and making false and misleading representations to the public regarding the origin of their goods.

## Count I: Infringement of a Federally Registered Trademark

37. The plaintiff realleges the allegations in paragraphs 1-36, as if set forth fully herein.

38. The plaintiff is the owner of U.S. trademark registration number 2,070,734 for the MAX RACK word mark and registered on the Principal Register on June 10, 1997 for the goods "weightlifting equipment, namely manually operated weightlifting machines" in international class 28.

39. Said registration was renewed by the USPTO in an action dated July 16, 2007. and has been declared incontestable under §15 of the Trademark Act.

40. Continuously since about 1996, the plaintiff and its licensees of the registration have used the MAX RACK mark to identify its goods and to distinguish them from those made and sold by others, by, among other things, prominently displaying the MAX RACK mark on the goods, their containers and the displays associated therewith.  In addition, the plaintiff has prominently displayed said mark in commerce throughout the United States.

41. The defendants have infringed the plaintiff's mark in interstate commerce by various acts, including the use of the mark in advertising representing that the FREEDOM RACK product line was "formerly known as MAX RACK."

42. The defendants, at the direction of Core Fitness, have infringed the plaintiff's mark by using the MAX RACK mark in interstate commerce in such a manner so as to cause confusion, to cause mistake, or to deceive consumers regarding the source of those defendants' goods.

43. Certain individuals have intentionally acted with knowledge that neither Core Fitness nor Star Trac was authorized to use the MAX RACK trademark in commerce.

44. On information and belief, Core Health and Star Trac act in concert for their joint benefit and share Denis Grosz as their chief operating officer.

45. Such use of the MAX RACK mark by the defendants is without permission or authority of the plaintiff and is likely to cause confusion, to cause mistake and to deceive.

46. Such use of the MAX RACK mark by the defendants has actually caused confusion and mistake, and deceived consumers.

47. The defendants' heretofore-alleged acts of trademark infringement and unfair competition have been committed with the intent to cause confusion, mistake and to deceive.

48. The plaintiff has continuously and consistently given public notice that its mark is registered in the U.S. Patent and Trademark Office by displaying with the mark as used the letter R enclosed within a circle.

49. By way of the previous course of dealing, the defendants have actual knowledge and notice of the plaintiff's registration, and have continued the acts of intentional infringement in violation of Title 15 of the United States Code, Section 1114(1).

50. Said acts of infringement has and will continue to cause further irreparable injury to the plaintiff if the defendants is not restrained by this Court from further violation of the plaintiff's rights, and the plaintiff has no adequate remedy at law.

51. The plaintiff is entitled to a judgment for monetary damages arising from the defendants' unfair competition pursuant to Title 15 of the United States Code, Section 1117, and for injunctive and equitable relief pursuant to Section 1116 of that Title as justice should so require.

52. The plaintiff is entitled to an award of attorney fees and statutory damages in this action pursuant to Title 15 of the United States Code, Section 1117 for intentionally infringing the MAX RACK mark.

## Count II: Unfair Competition under the Lanham Act

53. The plaintiff realleges the allegations in paragraphs 1-52, inclusive of Count I, as if set forth fully herein.

54. Said acts of the defendants constitute unfair competition and an infringement of the plaintiff's common-law rights in the MAX RACK mark.

55. The defendants have infringed the plaintiff's mark as alleged herein with the intent to deceive the public into believing that goods sold by the defendants are made by, approved by, sponsored by or affiliated with, the plaintiff. The defendants' acts as alleged herein were committed with the intent to pass off and palm off the defendants' goods as the goods of the plaintiff, and with an intent to deceive or defraud the public.

56. The defendants' acts of unfair competition was calculated to damage, did damage, and continue to damage the plaintiff's business reputation, its relationship with its customers, and has caused the plaintiff to lose sales.

57. The plaintiff is entitled to a judgment for monetary damages arising from the defendants' unfair competition pursuant to Title 15 of the United States Code,

Section 1117, and for injunctive and equitable relief pursuant to Section 1116 of that Title as justice should so require.

### Count IV: False Advertising in Interstate Commerce under the Lanham Act

58. The plaintiff realleges the allegations in paragraphs 1-55, inclusive of Counts I-III, as if set forth fully herein.

59. The defendants have caused goods to enter into interstate commerce with designations and representations that said goods are associated with a federally registered trademark FREEDOM RACK.

60. There is no federal trademark registration for FREEDOM RACK, and in fact an application for registration has been refused, and further prosecution suspended.

61. Said false designation is prohibited by law are likely to cause confusion, to cause mistake, or to deceive consumers as to the quality and as to the affiliation, connection, or of the plaintiff or association of its goods with those of the defendants.

62. Said acts were calculated to damage, did damage, and continue to damage the plaintiff's business reputation, its relationship with its customers, and caused the plaintiff to lose sales.

63. The plaintiff is entitled to a judgment for monetary damages arising from the defendants' unfair competition pursuant to Title 15 of the United States Code, Section 1117, and for injunctive and equitable relief pursuant to Section 1116 of that Title as justice should so require.

**Count V: Trademark Misuse in Interstate Commerce under the Lanham Act**

64. The plaintiff realleges the allegations in paragraphs 1-63, inclusive of Counts I-IV, as if set forth fully herein.

65. The defendants have knowingly published statements purporting to identify goods under a registered trademark "FREEDOM RACK."

66. The defendants have full knowledge that there is no federally registered trademark for FREEDOM RACK.

67. Said uses of the FREEDOM RACK mark constitutes trademark misuse in violation of Title 15 of the United States Code.

68. Said acts were calculated to damage, did damage, and continue to damage the plaintiff's business reputation, its relationship with its customers, and caused the plaintiff to lose sales.

69. The plaintiff is entitled to a judgment for monetary damages arising from the defendants' trademark misuse pursuant to Title 15 of the United States Code, and for injunctive and equitable relief pursuant to Section 1116 of that Title as justice should so require.

**Count VI: Deceptive Trade Practices under Ohio Law**

70. The plaintiff realleges the allegations in paragraphs 1-69, inclusive of Counts I-V, as if set forth fully herein.

71. The defendants have engaged in deceptive trade practices under Ohio Revised Code Chapter 4165 by passing off goods or services as those of the plaintiff.

72. The defendants have engaged in deceptive trade practices under Ohio Revised Code Chapter 4165 by causing a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services.

73. The defendants have engaged in deceptive trade practices under Ohio Revised Code Chapter 4165 by causing a likelihood of confusion or misunderstanding as to affiliation, connection, or association with, or certification by, the plaintiff.

74. The defendants have engaged in deceptive trade practices under Ohio Revised Code Chapter 4165 by representing that their goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that they have a sponsorship, approval, status, affiliation, or connection that they do not have.

75. The defendants' actions have disparaged the goods, services, or business of the plaintiff by false representation of fact in violation of Ohio Revised Code Chapter 4165.

76. The defendants' have willfully engaged in deceptive trade practices with knowledge that these practices are deceptive.

77. Said acts were calculated to damage, did damage, and continue to damage the plaintiff's business reputation, its relationship with its customers, and caused the plaintiff to lose sales.

78. The plaintiff is entitled to a judgment for monetary damages arising from the defendants' deceptive trade practices pursuant to Section 4165.03(A)(2), and for injunctive and equitable relief pursuant to Section 4165.03(A)(1), and an award of attorney fees pursuant to Section 4165.03(B) as justice should so require.

**Prayer for Relief**

**Wherefore**, the plaintiff requests that this Court enter a judgment:

(a) permanently enjoining the defendants, their directors, officers, agents, subsidiaries, affiliates, and all persons acting by, through, or in concert with any of them, from

    (i) using MAX RACK trademark or any designation that is confusingly similar to the plaintiff's registered trademark and design;

    (ii) otherwise infringing the plaintiff's trademark;

    (iii) unfairly competing with the plaintiff in any manner whatsoever;

    (iv) causing a likelihood of confusion, injury to business reputation, or dilution of the distinctiveness of the plaintiff's symbols, labels, or forms of advertisement; and

    (v) otherwise using and infringing the plaintiff's trademarks in a manner that suggests any current or prior connection between the defendants and the plaintiff or their products, including in advertising, product labeling, internet metadata, and direct or indirect statements to the public;

(b) ordering the defendants to deliver up or destroy all products, literature, advertising, and other material bearing the infringing designations or materials;

(c) ordering the defendants to file with this Court and serve on the plaintiff within thirty days after the service of an injunction, a report in writing under oath, setting forth in detail the manner and form in which the defendants have complied with the injunction;

(d) awarding the plaintiff such actual damages as it has sustained as a result of the defendants' trademark infringement pursuant to 15 U.S.C. § 1117.

(e) awarding the plaintiff such actual damages as it has sustained as a result of the defendants' deceptive trade practices pursuant to O.R.C. §4165.03;

(f) ordering the defendants to account for and disgorge to the plaintiff all gains, profits, and advantages derived from its trademark infringement pursuant to 15 U.S.C. § 1117, believed to exceed $100,000;

(g) finding this case to be exceptional pursuant to 15 U.S.C. § 1117(a)(3), and awarding reasonable attorney fees to the plaintiff;

(h) awarding the plaintiff its attorney fees pursuant to O.R.C. 4165.03(B); and

(i) granting such other and further relief, whether legal or equitable, to which the plaintiff is entitled.

## Jury Demand

The plaintiff hereby demands trial by jury of all issues.

Date: 19 October 2016

John J. Okuley (0076748)
Okuley Smith, LLC
7700 Rivers Edge Drive
Columbus, Ohio 43235-1355
Tel. 614.436.0600
Fax. 614.436.0057
Email. *jokuley@okuleysmith.com*

Joseph P. Okuley (0064936)
Okuley Smith, LLC
Email. *josp.okuley@okuleysmith.com*

Jacob C. Ong (UT 62765)
Okuley Smith, LLC
Email. *jacob.ong@okuleysmith.com*

*Attorneys for the plaintiff*