IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MAX RACK, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CORE HEALTH & FITNESS, LLC,<br>STAR TRAC STRENGTH, INC.,<br>KEVIN CORBALIS, and JOHN DOE,<br><br>Defendants. | CASE NO. 2:16-CV-1015<br><br><br>JUDGE ALGENON L. MARBLEY<br><br>MAGISTRATE JUDGE CHELSEY M.<br>VASCURA |

## **STIPULATED PROTECTIVE ORDER**

Disclosure and discovery activity in this action are likely to involve production of confidential and/or commercial, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and request the Court enter the following Stipulated Protective Order ("Order"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge that this Order does not entitle them to file confidential information under seal. Local Civil Rule 5.2.1 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal. Upon a showing of good cause pursuant to Federal Rule of Civil Procedure 26(c)(1), it is hereby ORDERED that:

    1.    All documents, information, and other materials designated as Confidential or

Highly Confidential and produced or exchanged in the course of this litigation by any party or third-party shall be used or disclosed only in accordance with the terms of this Order.

2. "Confidential" Information as used herein, means any information of any type, kind, or character that is designated as Confidential by any party or third-party, whether it be a document, information contained in a document, electronic media, information revealed during a deposition, information revealed in a response to a discovery request, or otherwise. A party or third-party may designate as Confidential any nonpublic information produced by the party or third party in this litigation which constitutes or contains the producing party's proprietary or commercially sensitive business or financial information, trade secrets, private or personal information of the producing party's customers, or other information that meets the standards for protection set forth in Federal Rule of Civil Procedure 26.

3. "Highly Confidential" Information as used herein means any information of any type, kind, or character that is designated as Highly Confidential by any party or third-party, whether it be a document, information contained in a document, electronic media, information revealed during a deposition, information revealed in a response to a discovery request, or otherwise. A party may designate as Highly Confidential any nonpublic information produced by the party or third party in this litigation that constitutes or contains highly sensitive proprietary and competitive business information that requires greater protection against unauthorized disclosure or use and that, if improperly disclosed, may impair or destroy the commercial and proprietary value of such information or the privacy rights that attach to it.

## I. DESIGNATION OF CONFIDENTIAL OR HIGHLY CONFIDENTIAL INFORMATION

4. Documents, information, and other materials produced in this litigation may be designated by any party or third-party producing the documents, information, or other materials, as

Confidential or Highly Confidential by marking each page of the documents, information, or other materials so designated with a stamp or label stating that it is "Confidential" or "Highly Confidential." Where feasible, any electronic media containing Confidential or Highly Confidential Information shall likewise be marked with a stamp or label stating that it is "Confidential" or "Highly Confidential."

5. In designating information as Confidential or Highly Confidential, the party or third-party will make such designation only as to that information which it, in good faith, believes contains Confidential or Highly Confidential Information.

6. The terms Confidential and Highly Confidential do not apply to any documents, information, or other materials to the extent that they have been previously disclosed publicly or are otherwise available to the public from any source, provided such prior disclosure or public availability is not the result of wrongful or improper conduct, or in violation of a duty not to disclose. Any party asserting that a document or information is not Confidential or Highly Confidential as a result of circumstances discussed in the preceding sentence must follow the procedures for contesting such a designation set forth in paragraph 20 below. In agreeing that parties and third-parties may designate material as Confidential or Highly Confidential, the parties do not endorse or affirm the propriety of any such designation as applied by the producing party to any particular document, and each party reserves the right to challenge any such designation in accordance with paragraph 20 below.

7. Information disclosed during a deposition of any party or third-party may be designated by any party or by any third-party being deposed as Confidential or Highly Confidential by indicating on the record at the deposition that the testimony is "Confidential" or "Highly Confidential" and is subject to the provisions of this Order.

3

8. Any party or any third-party who is being deposed may also designate information disclosed at such deposition as Confidential or Highly Confidential by notifying all of the parties in writing within 30 days after receipt of the transcript, of the specific pages and lines of the transcript that should be treated as Confidential or Highly Confidential.

9. All deposition transcripts shall be treated as Highly Confidential for a period of 30 days after the receipt of the transcript, except that this provision shall not prevent a deponent from reviewing his or her deposition for purposes of review and signing and/or correcting the transcript.

## II. ACCESS TO AND USE OF CONFIDENTIAL AND HIGHLY CONFIDENTIAL INFORMATION

10. Confidential Information may only be disclosed to the following individuals ("Qualified Persons"):

   (a) Counsel of record for any party and employees of such counsel to whom it is reasonably necessary that the Confidential Information, or if authorized by paragraph 11, Highly Confidential Information, be shown for purposes of this litigation;

   (b) Actual or potential independent experts or consultants who have signed Exhibit A attached to this Order;

   (c) Parties or party representatives to whom it is reasonably necessary that the Confidential Information be shown for purposes of this litigation;

   (d) In-house counsel for any party;

   (e) Court personnel, including stenographic reporters, video reporters and/or translators engaged in such proceedings as are necessarily incident to this litigation;

4

(f) Other witnesses and their counsel during the course of a deposition assuming the witness authored, prepared, received, or previously had access to the Confidential Information, or if authorized by paragraph 11, Highly Confidential Information, and agrees to execute Exhibit A;

(g) Any other person designated by agreement of the parties, or further order of this Court, after notice and an opportunity to be heard is provided to all parties.

11. Highly Confidential Information may only be disclosed to the individuals identified in subsections (a), (b), (e), (f) and (g) of paragraph 10 ("Highly Qualified Persons").

12. Any Confidential or Highly Confidential Information produced or otherwise made available in this litigation shall be used for the purposes of this litigation only and for no other business, competitive, personal, private, public, or other purpose, and shall not without leave of this Court be disclosed other than as authorized by this Order.

## III. PREVIOUSLY PRODUCED CONFIDENTIAL OR HIGHLY CONFIDENTIAL INFORMATION

13. Documents, information, and other materials previously produced in this litigation may be retroactively designated Confidential or Highly Confidential by written notice within 30 days of the entry of this Order. The written notice shall identify, by bates number if available or by other specific designation, the documents, information, and other materials being designated as Confidential or Highly Confidential.

## IV. INADVERTENT FAILURE TO MAKE "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL" DESIGNATION

14. Documents, information, and other materials inadvertently produced without a designation of "Confidential" or "Highly Confidential" at any time during this litigation may be retroactively designated in the same manner as paragraph 13 above and shall be treated as

Confidential or Highly Confidential Information from the date on which the notice of the designation is provided. Any party or third-party retroactively designating documents previously produced as Confidential or Highly Confidential has the right at its discretion to provide a replacement production set with the same bates numbers (if applicable) as the original, but with the Confidential or Highly Confidential designation appearing on the document(s) consistent with this Order. Upon receipt of the replacement production set, each party receiving the replacement production set shall within 14 days return the original production that bears the same bates numbers (if applicable) or certify that the original production set has been destroyed.

## V. USE OF CONFIDENTIAL OR HIGHLY CONFIDENTIAL INFORMATION DURING HEARINGS OR TRIAL

15. A party intending to offer in evidence on a motion or proceeding before the Court, other than at trial, any document or other material that has been designated Confidential or Highly Confidential, shall notify the party or third party that made that designation of the intention to offer the designated material in evidence and seek the designating party's agreement to allow the designated material to be filed freely with the Court. If the designating party declines to so agree, then the party intending to file the designated material shall apply for an order in accordance with Local Civil Rule 5.2.1 that the material may be filed under seal. If an order for filing under seal is issued, the filing and use of such material at the hearing or proceeding shall be handled in accordance with the Court's ruling on the motion to file under seal. In the alternative, the party proposing to file the Confidential or Highly Confidential Information may move the Court in accordance with paragraph 20 for an order that the designation be removed and the material freely filed.

16. Counsel for the parties will confer, in connection with their preparation of the proposed Pretrial Conference Order, regarding procedures necessary to protect any Confidential or

Highly Confidential Information contemplated to be used at trial, and the Court may issue any orders in connection therewith. For example, the Court may direct that attendance at those portions of the trial, or access to the transcripts of those proceedings, in which Confidential or Highly Confidential Information is disclosed, be restricted to only Qualified Persons or Highly Qualified Persons.

## VI. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

17. Paragraphs in this section are agreed to pursuant to Federal Rule of Civil Procedure 26(b)(5) and Federal Rule of Evidence 502(b). Any party ("Producing Party") that discloses or produces a document, information, or other materials that it thereafter claims to be privileged or otherwise protected from discovery ("Protected Information") shall not be deemed to have waived any applicable privilege or protection by reason of such disclosure or production.

18. A Producing Party must promptly notify all parties receiving the Protected Information ("Receiving Party") in writing that it has disclosed the Protected Information without intending to waive the privilege or protection. Upon receipt of such notification, each Receiving Party must within 7 days return the Protected Information, including all copies, to the Producing Party, or notify the Producing Party in writing that it has destroyed the Protected Information including all copies. Each Receiving Party must also cease any use and dissemination of the Protected Information until further order of the Court ruling that such information is not privileged or otherwise protected. Moreover, any party that receives any document, information, or other materials during the course of discovery in this action that it knows or reasonably should know is likely to be subject to a claim of privilege or other protection from discovery shall so inform the Producing Party and all other parties in writing within 7 days of becoming aware of the potentially privileged document, information, or other

material.

## VII. INADVERTENT PRODUCTION OF CONFIDENTIAL OR HIGHLY CONFIDENTIAL INFORMATION

19. In the event of inadvertent production of Confidential or Highly Confidential Information to a person or entity that is not a Qualified Person or Highly Qualified Person, the party that inadvertently disclosed such Confidential or Highly Confidential Information shall promptly take all practical steps to retrieve the information and prevent its further disclosure. The party that inadvertently disclosed the Confidential or Highly Confidential Information shall also promptly notify the party that designated the information as Confidential or Highly Confidential within 7 days of the inadvertent disclosure of the steps being taken to rectify the disclosure.

## VIII. CHALLENGES TO DESIGNATIONS

20. A party is not obligated to challenge the propriety of a designation as Confidential or Highly Confidential at the time the designation is made, and a failure to do so does not preclude any subsequent challenge. In the event that any party disagrees at any stage of these proceedings with a Confidential or Highly Confidential designation by any party or third-party, or with the designation of any person as a Qualified Person or Highly Qualified Person, the parties or third-parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may invoke this Order by objecting in writing to the party or third-party that made the designation. The party or third-party making such designation shall respond to any such objection within 14 days indicating whether it will agree to alter or withdraw the designation. If the designating party does not agree to alter or withdraw the designation as requested, the challenging party may move the Court for an Order to withdraw or alter the designation, or request an informal status conference with the Court, within 10 days of receipt of the designating party's refusal to withdraw or alter the designation as requested. In the event that

the Court is requested to affirm or reject a designation as Confidential or Highly Confidential, the party or third party asserting the Confidential or Highly Confidential designation shall bear the burden of proof establishing just cause for the designation.

## IX. RETURN OF CONFIDENTIAL AND HIGHLY CONFIDENTIAL INFORMATION AFTER TERMINATION

21. Within 60 days after conclusion of this litigation, including any appeals therefrom, all documents containing any Confidential or Highly Confidential Information produced by a party or third-party in this litigation shall be returned to the producing party or certified as having been destroyed by counsel for the receiving party, except to the extent that such information was used as evidence at trial or as this Court may otherwise order. The provisions of this Order that restrict the disclosure and use of Confidential or Highly Confidential Information shall be binding during this litigation and any appeal thereof and continue to be binding after conclusion of this litigation and conclusion of any appeal thereof.

## X. MISCELLANEOUS PROVISIONS

22. Any party designating any person as a Qualified Person or Highly Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Order.

23. Nothing in this Order shall be construed to be an admission of relevance, discoverability, or to affect in any way the admissibility of any documents, testimony, or other evidence in this litigation. This Order is without prejudice to the right of any person to bring before the Court at any time the question of whether any particular document or information is discoverable or admissible.

24. Nothing in this Order shall preclude any party from using its own Confidential or Highly Confidential Information in any manner, without prior consent of any party or the Court. If a producing party knowingly discloses its own Confidential or Highly Confidential Information

in a pleading filed in the Court's public record, or in a publication disseminated to the general public, the producing party shall be deemed thereby to have consented to the removal of that designation with respect to the information disclosed unless such disclosure was inadvertent and the disclosing party takes reasonable measures to retrieve and protect the Confidential or Highly Confidential Information.

25. The parties may, by stipulation, provide for exceptions to this Order and any party may seek an order of this Court modifying or seeking relief from this Order.

**IT IS SO ORDERED.**  Dated: 8-1-17

_____
Magistrate Judge Chelsey M. Vascura

Agreed to and submitted by:

*/s/ C. Dennis Loomis*
C. Dennis Loomis    (admitted *pro hac vice*)
Baker & Hostetler, LLP
cdloomis@bakerlaw.com
11601 Wilshire Boulevard, Suite 1400
Los Angeles, California   90025-0509
Telephone:     310.442.8865
Facsimile:      310.820.8859

*/s/ Lauren M. Hilsheimer*
Lauren M. Hilsheimer   (0085389)
Baker & Hostetler, LLP
lhilsheimer@bakerlaw.com
200 Civic Center Drive, Suite 1200
Columbus, OH 43215-4138
Telephone:     614.228-1541
Facsimile:      614.462.2616

*Attorneys for Defendants Core Health & Fitness, LLC, Star Trac Strength, Inc., and Kevin Corbalis*

*/s/ John J. Okuley (by consent, see Exhibit B)*
John J. Okuley    (0076748)
Okuley Smith, LLC
jokuley@okuleysmith.com
7700 Rivers Edge Drive
Columbus, Ohio    43235-1355
Telephone:     614.436.0600
Facsimile:      614.436.0057

*/s/ Joseph P. Okuley (by consent, see Exhibit B)*
Joseph P. Okuley    (0064936)
Okuley Smith, LLC
josp.okuley@okuleysmith.com
7700 Rivers Edge Drive
Columbus, Ohio    43235-1355
Telephone:     614.436.0600
Facsimile:      614.436.0057

*Attorneys for Plaintiff Max Rack, Inc.*

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MAX RACK, INC., <br><br> Plaintiff, <br><br> v. <br><br> CORE HEALTH & FITNESS, LLC, <br> STAR TRAC STRENGTH, INC., <br> KEVIN CORBALIS, and JOHN DOE, <br><br> Defendants. | CASE NO. 2:16-CV-1015 <br><br><br> JUDGE ALGENON L. MARBLEY <br><br> MAGISTRATE JUDGE CHELSEY M. <br> VASCURA |

## DECLARATION OF CONFIDENTIALITY

I hereby acknowledge that I am about to receive information designated as "Confidential" or "Highly Confidential" supplied in connection with the above referenced litigation. I have received and read a copy of the Stipulated Protective Order ("Order") entered in this case.

I understand and agree to be bound by the terms of the Order, and I agree not to disclose or use this information except in accordance with the terms of the Order. I will not copy or use the Confidential or Highly Confidential Information I am about to receive except for purposes of this litigation unless such information is or becomes public information in accordance with the terms of the Order.

I further agree to submit to the jurisdiction of the Court and understand that the Court may impose sanctions for any intentional violation of the Order.

I further agree that, upon termination of this litigation, or sooner if so requested, I will return to counsel all Confidential and Highly Confidential Information provided to me, including any copies and excerpts of such Confidential or Highly Confidential Information.

1

I understand that failure to abide by the terms of the Order may result in legal action against me.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____                By: _____

                                        Name: _____

Address: _____        Title: _____

_____         Present Occupation or Job Description:

_____         _____

                                        Employer: _____

2