IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MAX RACK, INC., | : |
|     Plaintiff, | : Case No. 2:16-cv-01015 |
| v. | : JUDGE ALGENON L. MARBLEY |
| CORE HEALTH & FITNESS, LLC, et al., | : Magistrate Judge Vascura |
|     Defendants. | : |

## OPINION & ORDER

### I. INTRODUCTION

This matter is before the Court on Plaintiff and Defendants' Motions in Limine. (Docs. 58, 59, 71, 72.) The Final Pretrial Conference in this case was held on Monday, December 2, 2019 at 11:00 a.m. For the reasons set forth below, the Court **GRANTS** Plaintiff's Motion in Limine to Exclude Undisclosed Evidence of Defendants' Cost of Goods Sold [#58], **GRANTS** Plaintiff's Motion in Limine to Exclude Undisclosed Evidence of Trademark Invalidity [#59], **DENIES** Defendants' Motion in Limine to Bifurcate Trial [#71], and **GRANTS** Defendants' Motion in Limine to Exclude Witnesses [#72].

### II. STANDARD OF REVIEW

A motion in limine refers to "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). The purpose of such a motion is "to narrow the issues remaining for trial and to minimize disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999). In disposing of a motion in limine, the guiding principle is to "ensure evenhanded and

1

expeditious management of trials." *Ind. Ins. Co. v. GE*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).

## III. ANALYSIS

1. **Plaintiff's Motion in Limine to Exclude Undisclosed Evidence of Defendants' Cost of Goods Sold [#58]**

Plaintiff first asks the Court to exclude any evidence not already produced during discovery regarding Defendants' cost of goods sold in connection with the allegations of trademark infringement. *See* 15 U.S.C. § 1117(a) ("In assessing profits [for a trademark infringement violation] the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed."). The Court **GRANTS** Plaintiff's Motion [#58].

Federal Rule of Civil Procedure 26(e) provides that a party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]" Fed. R. Civ. P. 26(e)(1)(A). Federal Rule of Civil Procedure 37(c), in turn, instructs that if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Here, Plaintiff asserts that it requested production of all documents supporting Defendants' cost of goods sold in connection with the trademark infringement claims. (*See* doc. 58 at 4.) To date, Plaintiff contends that Defendants have not provided any responsive documentary evidence.

(*See id.*)  As such, Plaintiff asks the Court to exclude any evidence of Defendants' cost of goods that has not already been produced.

Defendants do not address the substance of Plaintiff's Motion; rather, Defendants maintain that the Court should refrain from resolving the matter until after Plaintiff establishes liability on its claims. Considering, however, that the purpose of a motion in limine is to narrow the issues remaining for trial, the Court rejects Defendants' position. Accordingly, seeing no opposition to the merits of Plaintiff's argument, the Court **GRANTS** Plaintiff's Motion in Limine to Exclude Undisclosed Evidence of Defendants' Cost of Goods Sold [#58].

### 2. Plaintiff's Motion in Limine to Exclude Undisclosed Evidence of Trademark Invalidity [#59]

Next, Plaintiff asks the Court to exclude any evidence not already produced during discovery regarding the invalidity of the MAX RACK trademark. In essence, Plaintiff seeks an order prohibiting Defendants from attempting to contest the validity of its trademark. Defendants did not file a response to Plaintiff's Motion, presumably concurring in the requested relief. Accordingly, the Court **GRANTS** Plaintiff's Motion in Limine to Exclude Undisclosed Evidence of Trademark Invalidity [#59].

### 3. Defendants' Motion in Limine to Bifurcate Trial on Liability and Damages [#71]

Defendants ask the Court to bifurcate the trial in this case on liability and damages, arguing that it would be the most efficient use of judicial resources. The Court disagrees, and thus, **DENIES** Defendants' Motion to Bifurcate Trial [#71].

Federal Rule of Civil procedure 42 provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. Fed. R. Civ. P. 42(b). The decision to

sever issues for separate trials is within the sound discretion of the Court. *Nylok Fastener Corp. v. Indus. Nut Corp.*, 122 F.R.D. 512, 513 (N.D. Ohio 1988). Generally, "[b]ifurcation of proceedings into separate trials concerning liability and damages is appropriate when the evidence pertinent to the two issues is wholly unrelated and the evidence relevant to the damages issue could have a prejudicial impact upon the jury's liability determination." *Helminski v. Ayerst Labs.*, 766 F.2d 208, 212 (6th Cir. 1985).

Here, the Court finds that bifurcation is not warranted. Contrary to Defendants' suggestion, holding separate trials on the issues of liability and damages would not be an efficient use of the Court's resources, especially in a case, such as this, where there is likely substantial overlap of the two issues. *See Nylok*, 122 F.R.D. at 513 ("This trademark infringement action is between two parties and involves the well-defined question whether likelihood of confusion exists between two products. These issues are routinely submitted to juries, who customarily consider damages in the same proceeding."). Furthermore, bifurcating the trial could prejudice Plaintiff in that it would deprive them "of their legitimate right to place before the jury the circumstances and atmosphere of the entire cause of action they have brought into the [C]ourt[.]" *Id.* Defendants, on the other hand, face no real prejudice by litigating these issues together. Accordingly, the Court **DENIES** Defendants' Motion [#71].

### 4. Defendants' Motion in Limine to Exclude Witnesses [#72]

Finally, Defendants ask the Court to Exclude four witnesses that Plaintiff failed to disclose pursuant to its obligations under Federal Rule of Civil Procedure 26. The Court **GRANTS** Defendants' Motion [#72].

As stated above, Federal Rule of Civil Procedure 37 provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed

to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Federal Rule of Civil Procedure 26(a) governs initial disclosures and Rule 26(e) concerns the duty to supplement these initial disclosures and other discovery responses. *See* Fed. R. Civ. P. 26(a) and (e). Under Rule 26(a), a party must disclose, among other things, "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a). A party must supplement these initial disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e).

Here, Plaintiff failed to disclose four witnesses in its initial disclosures that they now wish to present at trial. Plaintiff presents no justification for failing to disclose these witnesses, as was their obligation under Rule 26. In fact, Plaintiff has not even filed a response to Defendants' Motion. Accordingly, the Court **GRANTS** Defendants' Motion [#72] and **EXCLUDES** the following four witnesses from testifying at trial: (1) Forest A. Kunecke; (2) Regina M. Langen; (3) Sam Patino; and (4) Kimberly A. Selvage. *See Horn v. R.C. Hemm Glass Shops, Inc.*, 2017 WL 2779716, at *3 (S.D. Ohio June 26, 2017) ("Until Defendant actually identified these individuals as witnesses, Plaintiff had little incentive to depose them or conduct written discovery. Accordingly, Defendant's failure to timely identify them as witnesses cannot be deemed harmless."); *Oster v. Huntington Bancshares Inc.*, 2017 WL 3208620, at *10 (S.D. Ohio July 28, 2017) (Marbley, J.) ("While [Plaintiff] may have known of the existence of these people and the

substance of their knowledge, she did not know their statuses as witnesses until months after the discovery deadline. Therefore, the information at issue here (the witness status of the proposed witnesses) 'had not otherwise been made known to the other parties during the discovery process or in writing' and Defendants breached their duties under Rule 26(e).").

## IV. CONCLUSION

For the reasons stated herein, the Court **GRANTS** Plaintiff's Motion in Limine to Exclude Undisclosed Evidence of Defendants' Cost of Goods Sold [#58], **GRANTS** Plaintiff's Motion in Limine to Exclude Undisclosed Evidence of Trademark Invalidity [#59], **DENIES** Defendants' Motion in Limine to Bifurcate Trial [#71], and **GRANTS** Defendants' Motion in Limine to Exclude Witnesses [#72].

**IT IS SO ORDERED.**

                                             /s/ Algenon L. Marbley
                                             **ALGENON L. MARBLEY**
                                             **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: December 3, 2019**