IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MAX RACK, INC., | : | |
| | : | Case No. 2:16-cv-01015 |
| Plaintiff, | : | |
| | : | CHIEF JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | Magistrate Judge Vascura |
| CORE HEALTH & FITNESS, LLC, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

## OPINION & ORDER

This matter is before the Court on Plaintiff's Motion for Reconsideration (ECF No. 119), requesting that this Court reconsider its May 5, 2020 Opinion and Order (ECF No. 117) vacating the jury's award of $1 million in compensatory damages.  For the reasons stated herein, Plaintiff's Motion for Reconsideration is **DENIED.**

## I. BACKGROUND

On October 19, 2016, Plaintiff Max Rack, Inc. initiated this trademark infringement action alleging that Defendants Core Health & Fitness, LLC, Star Trac Strength, Inc., and Kevin Corbalis used Plaintiff's MAX RACK trademark without authorization to market and sell weightlifting equipment.  (ECF No. 1).

On September 17, 2019, the Court entered an Opinion and Order granting in part and denying in part Defendants' Motion for Summary Judgement, leaving three of Plaintiff's five claims for trial: (1) Infringement of a Federally Registered Trademark, 15 U.S.C. § 1114(1); (2) Unfair Competition under the Lanham Act, 15 U.S.C. § 1501 et seq.; and (3) Deceptive Trade Practices under Ohio Law, O.R.C. § 4165 et seq.  (ECF No. 50).

At trial, following the conclusion of Plaintiff's case-in-chief, Defendants moved for judgement as a matter of law. The Court, however, denied that Motion, finding that there was sufficient evidence which, if believed, would entitle a jury to conclude that Defendants committed trademark infringement. (ECF No. 101). After deliberating, the jury found in favor of Plaintiff and against Defendants Core Health & Fitness, LLC and Star Trac Strength, Inc. on all three counts, and awarded Plaintiff $1 million in compensatory damages and $250,000 in disgorged profits. (ECF No. 92). The jury concluded that Defendants infringed upon Plaintiff's protected trademark intentionally. *Id.*

On March 13, 2020, Defendant Core Health & Fitness filed a Renewed Motion for Judgement as a Matter of Law or, in the alternative, Motion for a New Trial. (ECF No. 114). On May 5, 2020, the Court granted in part and denied in part Defendant's Motion, affirming the jury's award of $250,000 in disgorged profits. (ECF No. 117). The Court, however, vacated the jury's award of $1 million in compensatory damages on the ground that Plaintiff failed to demonstrate actual consumer confusion. *Id.*

Today, the Court is considering Plaintiff's Motion for Reconsideration—filed June 2, 2020—requesting that the Court reinstate the award of compensatory damages. (ECF No. 119). On June 22, 2020, Defendants filed a memorandum in opposition to Plaintiff's Motion. (ECF No. 126). On July 6, 2020, Plaintiff filed a reply to Defendant's response. ((ECF No. 127).

## II. STANDARD OF REVIEW

Requests for reconsideration are generally construed as motions to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F.2d 201, 206 (6th Cir. 1990); *see also United States ex rel. SNAPP, Inc. v. Ford Motor Co.*, 618 F.3d 505, 512 (6th Cir. 2010).

A court's decision to grant or deny relief under Rule 59(e) is discretionary. *SNAPP*, 618 F.3d at 512. But a motion under Rule 59(e) is not an opportunity to re-argue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Thus, a court should only grant a motion for reconsideration when there is: (i) an intervening change in controlling law; (ii) newly discovered evidence not previously available; or (iii) a need to correct a clear error of law or prevent manifest injustice. *United States v. Campbell*, 168 F.3d 263, 269 (6th Cir. 1999); *SNAPP*, 618 F.3d at 512.

In addition, Rule 60(b) of the Federal Rules of Civil Procedure provides that a court may relieve a party from a final judgment, order, or proceeding where there is: (i) a mistake, inadvertence, surprise, or excusable neglect; (ii) newly discovered evidence; (iii) fraud; (iv) a void judgment; (v) satisfaction or discharge of the judgment; or (vi) any other reason that justifies relief. Under the catch-all provision, a district court may grant relief where there is a "change in decisional law, coupled with some other special circumstance." *Blue Diamond Coal Co. v. Trustees of the UMWA Combined Benefit Fund,* 249 F.3d 519, 524 (6th Cir. 2001). "Such relief, however, should be applied 'only in exceptional or extraordinary circumstances . . . .'" *Cincinnati Ins. Co. v. Byers,* 151 F.3d 574, 578 (6th Cir. 1998) (quoting *Hopper v. Euclid Manor Nursing Home, Inc.,* 867 F.2d 291, 294 (6th Cir. 1989)).

### III. LAW & ANALYSIS

Pursuant to Federal Rules of Civil Procedure 59(e) and 60(b), Plaintiff moves the Court to reconsider and amend its Opinion & Order docketed on May 5, 2020, arguing that the Court's judgement vacating the $1 million award of compensatory damages was invalid because: (1) the United States Supreme Court's decision in *Romag Fasteners, Inc. v. Fossil, Inc.*, 140 S. Ct. 1492 (2020), established new controlling law; (2) the Court's decision was based upon a

misinterpretation of Sixth Circuit precedent requiring proof of actual confusion as a prerequisite to such an award; and (3) the Court failed to consider all relevant evidence. Plaintiff's arguments, however, are neither grounds for reconsideration under Rule 59(e), nor grounds warranting relief from judgement under Rule 60(b). Accordingly, the Court **DENIES** Plaintiff's Motion.

### A. Intervening Change in Controlling Law

Plaintiff argues that the United States Supreme Court's recent decision in *Romag Fasteners, Inc.*, 140 S. Ct. 1492, is an intervening change in controlling authority that warrants reconsideration of the Court's previous decision. (ECF No. 119-1 at 3). In *Romag*, the Supreme Court held that, while the *mens rea* of an infringing party was an important consideration in awarding disgorged profits in pre-Lanham Act cases, willful infringement is not a required element in post-Lanham Act cases. 140 S. Ct. at 1497. Plaintiff asserts that the Supreme Court's logic can be extrapolated to mean that actual consumer confusion is not a required element for an award of damages under the Lanham Act. (ECF No. 119-1 at 5). Plaintiff's position, however, is without merit, as the Supreme Court's holding had nothing to do with answering whether actual consumer confusion is required for an award of compensatory damages:

> At the end of it all, the most we can say with certainty is this. Mens rea figured as an important consideration in awarding profits in pre-Lanham Act cases. This reflects the ordinary, transsubstantive principle that a defendant's mental state is relevant to assigning an appropriate remedy. That principle arises not only in equity, but across many legal contexts. (Citations omitted). It's a principle reflected in the Lanham Act's text, too, which permits greater statutory damages for certain willful violations than for other violations. 15 U.S.C. § 1117(c). And it is a principle long reflected in equity practice where district courts have often considered a defendant's mental state, among other factors, when exercising their discretion in choosing a fitting remedy. (citations omitted). Given these traditional principles, we do not doubt that a trademark defendant's mental state is a highly important consideration in determining whether an award of profits is appropriate. But acknowledging that much is a far cry from insisting on the inflexible precondition to recovery Fossil advances.

*Romag*, 140 S. Ct. at 1497.

Here, in the Court's Opinion and Order vacating Plaintiff's $1 million compensatory damages award, the Court cited both Sixth Circuit and out-of-circuit case law establishing that a consumer's actual confusion is a pre-requisite to the recovery of compensatory damages for trademark infringement.  (ECF No. 117 at 8).  Because *Romag* does not address whether actual consumer confusion is a requirement in trademark infringement cases, it is not an intervening change in controlling authority.  *See SNAPP*, 618 F.3d at 514 (holding that a Court's cited authority remains binding when there is an absence of a holding in new caselaw that affects the circuit's law on the question at issue before the district court).  Accordingly, Plaintiff's Motion for Reconsideration on the basis that *Romag* establishes new controlling law is **DENIED**.

### B. Misapplication of 6th Circuit Precedent

Next, Plaintiff contends that the Court's reliance on *Balance Dynamic Corporation v. Schmitt Industries, Inc.*, 204 F.3d 683 (6th Cir. 2000)—for the proposition: "to recover an award of compensatory damages in a trademark infringement action, a plaintiff must generally prove that consumers were actually confused by the defendant's unauthorized use of plaintiff's protected trademark"—was improper.  (ECF No. 119-1 at 5).

The Sixth Circuit has instructed that, while actual confusion is not required to obtain injunctive relief, recovery of compensatory damages typically requires proof of actual consumer confusion.  *See Balance Dynamics Corp.*, 204 F.3d at 691 ("Actual confusion is a prerequisite to an award of such 'marketplace damages' because actual confusion tends to show that these hard-to-prove damages probably exist.").  From this, the Court determined that evidence of actual confusion is a prerequisite to an award of monetary damages in a trademark infringement case. (ECF No. 117 at 7-10).  Plaintiff's mere disagreement with the Court's interpretation of *Balance*

*Dynamics* does constitute a clear error warranting a second analysis.[1]  *See Sault Ste. Maries Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (holding a motion under Rule 59(e) is not an opportunity to re-argue a case); *Exon Shipping Co. v. Baker*, 544 U.S. 471, 486 (2008) (Rule 59(e) may not be used to relitigate old matters or to raise new legal arguments that could have been raised prior to entry of judgement); *CitiMortgage, Inc. v. Nyamusevya*, No. 2:13-cv-00680, 2015 WL 10000444, at *9, (S.D. Ohio, Mar. 5, 2015) (declining to grant motion for reconsideration under Rule 59(e) when defendant's arguments revealed that he simply disagreed with the Court's finding); *Render v. Forest Park Police Dept.*, No. 1:07-cv-489, 2009 WL 2168783 (S.D. Ohio July 16, 2009) (a court will not find a manifestation of injustice when the moving party simply reargues the issues that were not previously successful).  Accordingly, Plaintiff's motion for reconsideration on the ground of misapplied caselaw is **DENIED**.

### C. Failure to Consider All Relevant Evidence

Finally, Plaintiff argues that, "[e]valuated as a whole, the evidence presented to the jury was sufficient to support a reasonable finding that Max Rack suffered quantifiable actual damages without the need to consider evidence of actual confusion."  (ECF No. 119-1, at 12).

---

[1] To the extent Plaintiff suggests that *Balance Dynamics* carves out a rule, whereby there is a presumption of damages when "literal falsity" of a trademark advertisement is accompanied by "deliberate intent or bad faith" on the part of the infringing party, the Court finds this argument unpersuasive.  *See* 204 F.3d at 694-95.  First, it is not clear that the Sixth Circuit actually adopted such a rule.  *See id.* at 694 (Though literal falsity does not raise an inference of damage to goodwill, *some courts* have created a presumption of damages when literal falsity is accompanied by deliberate intent or bad faith.") (emphasis added).  Moreover, in *Balance Dynamics*, the Sixth Circuit found that any presumption of damage to goodwill was rebutted where the evidence showed plaintiff did not suffer a marketplace injury.  *See id.* at 694-95.  Similarly, here, there is no evidence that Plaintiff suffered any marketplace injuries.  Indeed, Plaintiff never even attempted to re-enter the marketplace after its trademark licensing deal with Defendant expired.  *See ADT LLC v. Capital Connect, Inc.*, 2017 WL 1426302, at *11 (N.D. Tex. Apr. 21, 2017) (finding evidence of brand-building expenses, without more, was insufficient to establish damage to reputation or loss of goodwill).

Plaintiff's argument, however, is without weight, because new evidence has not been presented. *See United States v. Campbell*, 168 F.3d 263, 269 (6th Cir. 1999) (holding that in a motion for reconsideration, an analysis of the facts is only warranted when new evidence is presented). Indeed, Plaintiff only cites facts and testimonies that were previously presented during trial, and which the Court considered in its Opinion and Order vacating the $1 million compensatory damages award. (ECF No. 119-1 at 9-12; 117 at 7-10). Because Plaintiff fails to introduce new evidence, and relies solely on facts and arguments that were on the record at the time the Court issued its decision, the Motion for Reconsideration is improper. *See Hill v. AirTran Airways, Inc.*, No. 3:08-cv-195, 2009 WL 2824546, at *7 (S.D. Ohio Aug. 27, 2009) (denying Rule 59(e) motion because Plaintiff relied on deposition testimony that was a part of the record at the time the Court issued its decision and has come forward with no new evidence which would support his claim); *Bohannon v. Warden, Allen/Oakwood Corr. Inst.*, No. 1:12-cv-542, 2014 WL 221851, at *14, (S.D. Ohio Jan. 21, 2014) (denying Motion for Reconsideration because petitioner failed to present new evidence that was not already presented at trial).

Even considering the evidence Plaintiff now cites, this evidence does not demonstrate the existence of actual consumer confusion. Plaintiff contends that actual confusion can be reasonably inferred from the evidence because Defendant's own employees testified to the intentional passing off of goods. (ECF No. 127 at 2). But again, Plaintiff conflates a showing of "likelihood of confusion" with one of "actual confusion."

First, the employees' testimonies did not provide anecdotal evidence of consumer confusion. *See Amerstate, Inc. v. Pace Mortg. Corp.*, No. C-3-89-281, 1992 WL 1258512, at *5 (S.D. Ohio June 10, 1992) (finding evidence of actual confusion existed when an employee of Pace Mortgage testified that one of her customers asked her about the relationship between Real

Estate Pace and Pace Mortgage and when another employee testified that she had been asked on a number of occasions if Pace Reports was associated with Pace Mortgage). Second, Plaintiff did not provide any consumer testimony to establish even a single incident of actual confusion. *See Worthington Food, Inc. v. Kellog Co.*, 732 F. Supp. 1417, 1444 (S.D. Ohio Mar. 1, 1990) ("Evidence of actual confusion to justify damages would consist in part of showing that persons, having a general recollection of the plaintiff's mark, actually have assumed that both marks emanate from the same or connected sources upon seeing the defendant's mark, that is, that consumers in the past really have been confused upon seeing the defendant's mark *after* the plaintiff's."). Third, Plaintiff failed to provide market studies showing actual confusion. *See Id.* at 1443 (noting plaintiff's lack of market studies in finding no evidence of actual consumer confusion). It follows that Plaintiff failed to establish—through any medium—the existence of actual consumer confusion. Accordingly, Plaintiff's motion for reconsideration on the ground that this Court failed to consider the evidence as a whole is **DENIED.**

## IV. CONCLUSION

Plaintiff has failed to show that an intervening change in law requires this Court to reconsider its May 5, 2020 Opinion and Order vacating the jury's award of $1 million in compensatory damages. Further, Plaintiff has failed to establish a need to correct a clear error of law or prevent manifest injustice. Moreover, Plaintiff does not present newly discovered evidence that was not previously available. For these reasons, Plaintiff has failed to satisfy any requirement for seeking relief under Rule 60(b)(6) or 59(e) of the Federal Rules of Civil Procedure. Accordingly, it is hereby **ORDERED** that the Plaintiff's Motion for Reconsideration (ECF No. 119) is **DENIED.**

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**Chief United States District Judge**

**DATED: August 24, 2020**